### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### OWENSBORO DIVISION

**FREIDA JOHNSON**                                              **PLAINTIFF**
*aka Freida Darlene Johnson-Shaw*

**v.**                                    **CIVIL ACTION NO. 4:22-CV-P116-JHM**

**COMMONWEALTH OF KENTUCKY et al.**                      **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Freida Johnson, a prisoner, initiated this *pro se* 42 U.S.C. § 1983 action. The complaint (DN 1) is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, Plaintiff's claims will be dismissed.

### I. STATEMENT OF CLAIMS

Plaintiff names as Defendants the Commonwealth of Kentucky; and, in their official and individual capacities, David Payne, Family Court Judge; attorney David Yewell; and Albert Shaw. The complaint begins with the words "False Claims Act," but includes no other reference to that Act. Plaintiff's claims center on a Daviess Family Court case, 20-CI-01163, involving a settlement related to residential property belonging to Plaintiff's aunt, Janice Shaw, who died in October 2017. According to Plaintiff, Janice Shaw "left [the property] to her heirs not Albert Shaw," to whom Janice was married before or at that time of her death. She states that Albert Shaw did not pay for the purchase or rehabilitation of the property and, according to Plaintiff, Albert would not have been the intended recipient of the property after Janice's death.

Plaintiff further states that Albert told her that he would marry her while she was "in jail to try to take [the property] . . . illeagelly.[1]  Violation of our 8th Amendment by an order to give my Aunt's house to Mr. Shaw . . . by Judge David Payne."

As relief, Plaintiff asks for damages and injunctive relief of "ceases and assist in sale of property."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1) and (2).  When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true.  *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).  While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

---

[1] It appears from the complaint that Albert was at one time married to Plaintiff's aunt, Janice, but later married Plaintiff.

not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### A. False Claims Act

Plaintiff simply states "False Claims Act"; she makes no allegations tying any Defendant to that Act.

"The False Claims Act provides for restitution to the government of money taken from it by fraud."  *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 970 (6th Cir. 2005) (internal quotes, alterations, and citation omitted).  The United States allows private citizens to bring certain claims under the False Claims Acts on its behalf as a *qui tam* plaintiff under certain circumstances but to do so "the qui tam plaintiff must, among other things, bring the action in the name of the United States Government."  *March v. Aramark Corp.*, No. 3:17-CV-189-JRG-HBG, 2018 WL 1524606, at *1 (E.D. Tenn. Mar. 28, 2018).

Plaintiff does not bring this action in the name of the United States, nor is she seeking to bring a claim to recover funds taken from the United States by fraud.  To the extent that Plaintiff seeks to bring a claim under the False Claims Act, the Court will dismiss it for failure to state a claim upon which relief may be granted.

### B. Commonwealth of Kentucky

Section 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989).  The U.S. Constitution's "Eleventh Amendment bars such suits unless the State has waived its immunity or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity."  *Id.* (citations omitted).  The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir.

2004), and in enacting § 1983, Congress did not override the traditional sovereign immunity of the states. *Will*, 491 U.S. at 66. Thus, the claim against the Commonwealth of Kentucky must be dismissed because it seeks monetary relief from a defendant that is immune from such relief.

### C. Requested injunctive relief

Plaintiff asks for injunctive relief of "ceases and assist in sale of property."

According to the complaint, Plaintiff's claim related to the sale of property arises from a family court proceeding which may be still pending. The Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37, 40-41 (1971) "requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008). The Sixth Circuit has enunciated three factors used to determine whether to abstain from hearing a case pursuant to *Younger*: "(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges." *O'Neill*, 511 F.3d at 643. Here, although not clear, it may be that state family-court judicial proceedings are ongoing, and the Sixth Circuit has recognized that the realm of domestic relations is an important state interest. *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) ("These traditional domestic relations issues qualify as important state issues under the second element of *Younger*."). Further, Plaintiff has an adequate opportunity in the state proceeding to raise any constitutional challenges because nothing bars her from appealing a family court order or judgment to the Kentucky Court of Appeals.

To the extent that the state-court case has concluded and Plaintiff is challenging the state court's final decision, the *Rooker-Feldman* doctrine prevents a federal district court from entertaining an appeal of a case already litigated in state court. "A party raising a federal

question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) (citing *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923)).  Consequently, Plaintiff fails to state a claim for injunctive relief.

### D. Judge Payne

Plaintiff's allegations concerning state-court Judge Payne involve a family court case over which he presided.

When state officials are sued in their official capacities for damages, they are not "persons" subject to suit within the meaning of § 1983.  *Will*, 491 U.S. at 71 (concluding that a state, its agencies, and its officials sued in their official capacities for damages are not considered persons for the purpose of a § 1983 claim).  Moreover, state officials sued in their official capacities for damages are also absolutely immune from § 1983 liability under the Eleventh Amendment.  *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This Eleventh Amendment bar remains in effect when State officials are sued for damages in their official capacity.").

As to any individual-capacity claims against Judge Payne, judges are entitled to absolute judicial immunity on claims for monetary damages against them in their personal capacities.  S*ee Mireles v. Waco*, 502 U.S. 9, 9-13 (1991) (per curiam) (holding that a judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly, or in excess of jurisdiction); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996).  Absolute judicial immunity may be overcome in only two instances:  (1) when a judge takes non-judicial action, or (2) when a judge acts in complete absence of all jurisdiction.  *Mireles*, 502 U.S. at 12.  Plaintiff makes no allegation or argument which indicates either exception applies here.

For these reasons, the Court will dismiss Plaintiff's claims against Judge Payne for seeking damages from a Defendant who is immune from such relief.

### E. Attorney Yewell

It is clear from the complaint that Yewell is an attorney who represented or is representing Albert in the family court case before Judge Payne.

Two allegations are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). First, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States," *West v. Atkins*, 487 U.S. 42, 48 (1988), and second, he "must show that the alleged deprivation was committed by a person acting under color of state law." *Id*. "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff fails to meet the second element of a § 1983 claim with regard to Yewell. That is, she fails to demonstrate that Yewell was acting under color of state law. The law is clear that "[a] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983." *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003); *see also Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and generally are not subject to suit under section 1983.").

The Court will dismiss the claim against Yewell for failure to state a claim upon which relief may be granted.

### F. Albert Shaw

Plaintiff makes various allegations against Albert – that he did not purchase or rehabilitate the property in question; that he married Plaintiff "to try to take property"; and that her aunt never would have wanted Albert to have the house in question.

As stated above, in order to state a claim under § 1983, a plaintiff must allege both a violation of a constitutional or federal right and that the alleged deprivation was committed by a person acting under color of state law. *West*, 487 U.S. at 48. Here, it is clear that Albert is a private citizen and acted as such when he took the actions Plaintiff ascribes to him. Plaintiff does not allege that he acted under color of state law, and nothing in the complaint suggests that he did. Accordingly, Plaintiff fails to state a claim against him. The claim against Albert will be dismissed for failure to state a claim. *See, e.g.*, *McCormick v. Kendra*, No. 4:16CV-P17-JHM, 2017 WL 1424805, at *8 (W.D. Ky. Apr. 20, 2017) (dismissing for failure to state a claim where "nothing in Plaintiff's . . . complaint alleges or shows that these Defendants are state actors, *i.e.*, acted under color of state law").

### III. CONCLUSION

For the foregoing reasons, the Court will by separate Order, dismiss this action.

Date: January 10, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendants
4414.009

7